William A. Taylor, III Cowley County Counselor P.O. Box 731 Winfield, Kansas 67156
Dear Mr. Taylor:
As Cowley County Counselor, you request our opinion regarding whether, pursuant to K.S.A. 28-169, the County must compensate its employees and officers (including the county commissioners) for mileage costs incurred in order to drive to and from their place of work and if it is not required, whether such payment is allowed.
K.S.A. 28-169 provides:
 "In any county having a population of 80,000 or less, the board of county commissioners shall allow any county officer, deputy or employee his actual and necessary traveling expenses incurred in the performance of his duties and shall allow mileage to any such officer, deputy, or employee at the rate prescribed by law for each mile actually and necessarily traveled in a privately owned vehicle in the performance of his duties."[1]
We note that this statute was enacted in 1943 and remains unaltered from its original version.[2] K.S.A. 28-169 was enacted to permit a county of the specified population size to pay employees and officials travel expenses incurred in performing their duties.[3] However, as discussed in Attorney General Opinion No. 77-160, the mileage payments authorized by K.S.A. 28-169 do not include travel that is necessary to go from a person's domicile or private office to the place where county business is conducted.[4] Rather, the mileage incurred in traveling from a person's home to their place of work is not incurred on behalf of the employer. This result is supported by the language of K.S.A. 28-169 which states that the payments in question are to be "incurred in performance of duties." Traveling between work and a personal residence is generally not considered to be "performing duties" for the employer.
This principle is further illustrated by general wage and compensation laws. The Fair Labor Standards Act (FLSA) establishes the "portal rule," which is an exception to overtime pay rules.[5] For purposes of mandatory wage payment laws, traveling between one's residence and place of work is not considered part of the services being performed on behalf of an employer. Thus, it is our opinion that K.S.A. 28-169 does not require that an employer county reimburse an official or employee for travel expenses incurred in commuting between a person's residence and their place of work.
This brings us to your final question of whether a county may choose to pay for such travel or mileage expenses. We believe that this decision falls under the "public purpose doctrine."[6] The public purpose doctrine prohibits the appropriation of public money or property for private individuals unless a public purpose is served by such appropriation.[7]
Thus, expenditures of county funds is allowed only if there is some articulated and valid public purpose which would be served.
County home rule authority, combined with the budgetary authority granted to county commissioners, allows the board of county commissioners to make most decisions on when or how to expend public funds, as long as the expenditure in some way benefits the general public.[8] As this is a factual issue and policy decision best reviewed and decided on a local level, we will not address whether we believe that the County Commissioners can articulate a sufficiently cogent argument as to how the general public will in some way be served by paying commuting costs of county officials and/or employees.[9]
In summary, it is our opinion that K.S.A. 28-169 does not require that a county reimburse public officials or employees for the costs of mileage between their place of residence and their place of work. Under K.S.A.19-101a and K.S.A. 19-212, a board of county commissioners may discretionarily reimburse officials and employees for such costs, if the expenditure benefits the general public in some way.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] Emphasis added. For purposes of this opinion, we will assume that the population of Cowley county is 80,000 or less, causing it to fall under K.S.A. 28-169.
[2] K.S.A. 28-169 was enacted pursuant to L. 1943, Ch. 162, § 14. Other now repealed portions of that same enactment were K.S.A. 28-158, 28-159,28-160, etc. These statutes set the salaries for various county officials and employees. See also L. 1943, Ch. 164.
[3] See Attorney General Opinion No. 96-16.
[4] "A county attorney who conducts substantial county business in his private office located several miles from the courthouse, and who travels to the courthouse for meetings with the board of county commissioners and for court appearances and conducts limited county business in his courthouse office, is not required by K.S.A. 28-169 to be allowed actual and necessary expenses or mileage for such travel from his domicile or private office to the courthouse to conduct county business." Attorney General Opinion No. 77-160.
[5] See 29 U.S.C.A. § 254(d) and 29 C.F.R. § 785.35. Under the FLSA, time spent in "ordinary" home-to-work travel by which employees, whether they work at a fixed location or at different job sites, proceed from home to work before their regular workday and return to home at the end of the day, does not count as time worked. Consequently, because the Portal Act affects only preliminary and postliminary activities that were treated as compensable work under the FLSA, time spent in "ordinary" home-to-work travel does not count as time worked under the Portal Act even if an employer agrees to pay for it. Walking, riding, and traveling to or from work are specifically designated as preliminary or postliminary activities by the Portal Act. Unlike most activities that may be principal activities depending on the circumstances, ordinary home to work travel does not qualify as a principal activity of work under any circumstances. See also Aiken v. City of Memphis, Tennessee, 190 F.3d 753
(6th Cir. 1999).
[6] The seminal cases addressing a municipality's use of public funds for a public purpose are Ullrich v. Board of County Comm'rs of ThomasCounty 234 Kan. 782 (1984) and Duckworth v. City of Kansas City, Kansas,243 Kan. 386 (1988).
[7] See Attorney General Opinions No. 81-208, 82-191, 82-229, 86-40, 91-53, 91-89, 92-73, 92-87, 97-67, 99-49, 2000-25, 2000-50 and 2001-13.
[8] K.S.A. 19-101a and K.S.A. 19-212.
[9] We note that many employers insure that employees can afford commutes to work (and cut down on paper work needed to track actual costs) by merely increasing salaries.